**Affirmed and Opinion Filed October 5, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01415-CR

**RUBEN ALEJANDRO GARCIA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MB14-63674-M**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Whitehill

This case concerns whether there was probable cause to arrest appellant without a warrant for DWI after the police observed him driving recklessly, smelled alcohol on his breath, interviewed him, and performed sobriety tests on which appellant performed poorly.

In two issues, appellant argues that the trial court erred in denying his motion to suppress the arrest because there was insufficient probable cause to support his warrantless arrest and the video of his field sobriety tests was inadmissible because it was not properly authenticated.

We conclude that there was sufficient probable cause to arrest appellant for DWI without a warrant. We further conclude that even if the evidentiary issue had been preserved for our review, the trial court did not abuse its discretion by admitting the video because, subject to certain

exceptions not present here, the rules of evidence do not apply to suppression hearings. We affirm the trial court's judgement.

## I. BACKGROUND

Stated generally, Dallas police officer Joshua Mull saw appellant driving recklessly as appellant pulled into a Valero parking lot. And Officer Mull noticed "a very strong odor of an alcoholic beverage on his breath" when appellant got out of his car.

DWI officer Watkins arrived shortly thereafter, interviewed appellant, and administered field sobriety tests that Mull observed. When the tests concluded, appellant was arrested. After he was arrested, appellant admitted he had too much to drink and that there was alcohol in his car.

Appellant moved to suppress evidence concerning the stop and the arrest. [1] Officer Mull testified at the hearing, and the video showing his encounter with the officers and field sobriety tests was admitted over appellant's authentication and hearsay objections. When the hearing concluded, the court denied appellant's motion.

Appellant subsequently pled guilty and was sentenced to six days confinement in the Dallas County jail with credit for one day served.

## II. ANALYSIS

### A. Standard of Review and Applicable Law

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion under a bifurcated standard. *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). When supported by the record, the trial court's determinations of historical fact receive almost total deference, as do mixed questions of law and fact that turn on the credibility of a witness. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). Mixed questions of law and fact that do not turn on witness credibility are reviewed de novo. *Id.*

---

[1] Appellant's motion was limited to the stop and the arrest.

When, as here, the trial court does not enter findings of fact and conclusions of law, we presume the trial court made implicit findings that supported the ruling, as long as those findings are supported by record evidence. *State v. Ross*, 32 S.W.3d 853, 855–56, 859 (Tex. Crim. App. 2000). The trial court's ruling must be upheld if it is reasonably supported by the record and correct under any applicable theory of law. *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013).

A defendant moving to suppress evidence "has the burden of producing evidence that rebuts the presumption of proper police conduct." *State v. Robinson*, 334 S.W.3d 776, 778–79 (Tex. Crim. App. 2011). If the defendant shows that he was detained without a warrant, the burden shifts to the State to establish probable cause. *See Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

A police officer may arrest an individual without a warrant only if probable cause exists that the individual has committed or is committing an offense and the arrest falls within one of the statutory exceptions to the warrant requirement. *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005). Committing an offense in an officer's presence or view is among these exceptions. *See* TEX. CODE CRIM. PROC. art. 14.01. "An offense is deemed to have occurred within the presence . . . of an officer when any of his senses afford him an awareness of its occurrence," as long as his senses give him reason to believe that a particular suspect committed the offense. *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002).

Probable cause for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense. *Amador*, 275 S.W.3d at 878. The test for probable cause is an objective one, unrelated to the arresting officer's subjective beliefs, and

requires a consideration of the totality of the circumstances facing the arresting officer. *Id.* "When there has been some cooperation between law enforcement agencies or between members of the same agency, the sum of the information known to the cooperating agencies or officers at the time of an arrest or search by any of the officers involved is to be considered in determining whether there is sufficient probable cause therefor." *Woodward v. State*, 668 S.W.2d 337, 344 (Tex. Crim. App. 1984) (op. on reh'g).

A person commits DWI if he operates a motor vehicle in a public place while intoxicated. *See* TEX. PENAL CODE § 49.04(a). "Intoxicated" means "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (B) having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2).

## B.     Issue One: Did the State carry its burden to show that the arrest was supported by probable cause?

Officer Mull testified that he was standing outside his car at a Valero station when he heard tires squealing as appellant's car pulled into the parking lot at a high rate of speed. Appellant's car left the ground as he hit a bump and fishtailed through the parking lot and nearly hit a gas pump. Appellant made a hard right turn into a parking space, jumped the curb in front of the space, and almost hit the front door of Valero's before coming to a stop.

Officer Mull approached appellant's car to see if appellant was o.k., but appellant stumbled into the parking lot before he got there. Mull "immediately" noticed the smell of alcohol. Appellant had difficulty maintaining his balance and was "very unsteady on his feet." Mull led him to the squad car and told him to hold on to the bumper for balance. Officer Mull described appellant as "very amped up," speaking "really fast," and "somewhat repetitive." Based on his observations, he requested backup from the DWI unit.

DWI Officer Watkins arrived shortly thereafter and conducted a DWI investigation, which included an interview and field sobriety tests. The video of these tests was admitted into evidence. Appellant can be heard on the audio portion of the recording admitting that he had been drinking and apologizing to Officer Watkins for his poor performance on the field sobriety tests. Officer Mull was present during these tests. When the tests concluded, both officers arrested appellant.

Officer Mull testified that he observed appellant violate a traffic law for reckless driving, his squealing tires violated the Dallas City Code noise provision, and appellant posed a danger to the public. Mull also said that based on his training and experience at the DPD, it would be reasonable for him to rely on Officer Watkins as a member of the DWI team to administer field sobriety tests, especially since he observed them.

Appellant maintains that the State failed to establish probable cause for the warrantless arrest because: (i) Officer Watkins was the arresting officer and did not testify, (ii) the field sobriety test results were not admitted into evidence, and (iii) there was no evidence that Officer Watkins was certified to administer the tests. We disagree.

Although Officer Watkins put the handcuffs on appellant, Officer Mull conducted the initial interview of appellant and was present throughout Officer Watkins's subsequent interview and administration of the sobriety tests. The sum of both officers' knowledge is considered in the probable cause analysis. *See Woodward*, 668 S.W.2d at 344. Moreover, although the test results were not admitted, the video shows appellant's performance on the tests.

Specifically, the video shows that appellant swayed from side-to-side when he was instructed to follow a horizontally moving flashlight pen with only his eyes. When appellant was also instructed to stand on a straight line, hold his arms at his side, and take nine heel-to-toe steps on the line, turn, and take the same number of steps to return, appellant could not place his feet on the line, swayed, used his arms to balance, and stumbled. When taking the test, appellant stepped

off the line, walked diagonally rather than straight, and stumbled as he walked. When asked to raise one foot six inches off the ground, look at his foot and count until instructed to stop, appellant could not stand straight, swayed as he counted, hopped and used his arms to maintain balance, and nearly fell over.[2]

Officer Watkins also asked appellant to recite the alphabet. Appellant could not do so, and blamed his alcohol consumption.

Furthermore, appellant was also unable to balance with his feet together and hands at his sides, eyes closed, with his head tilted back, and count to thirty.

Based on the evidence adduced and the reasonable inferences that can be made from it, the trial court could reasonably conclude that the facts and circumstances within Officer Mull's knowledge were sufficient to warrant a belief that appellant committed DWI. Accordingly, the record reasonably supports the trial court's implicit conclusion that the State carried its burden to prove that appellant's warrantless arrest was properly supported by probable cause. We resolve appellant's first issue against him.

## C.    Issue Two:  Did the trial court abuse its discretion by admitting the video of appellant performing field sobriety tests?

Appellant's second issue argues that the trial court abused its discretion by admitting the video of the field sobriety tests because: (i) the video was not properly authenticated, (ii) there was no evidence that the video had not been altered, and (iii) the proper foundation for admission was not laid. The State responds that any error was not preserved because appellant failed to specify what was lacking in the predicate when he objected and (ii) no authentication objection was made at trial.

---

[2] Although not specifically named in the record, these appear to be standardized field sobriety tests; specifically, the HGN test, the walk-and-turn test, and the one-leg stand test. *See generally, Kamen v. State*, 305 S.W.3d 192, 194 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (explaining standardized field sobriety tests).

We review the trial court's admission of evidence of abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). Here, even if appellant had preserved the error, we cannot conclude the trial court abused its discretion by admitting the video. Because suppression hearings involve only preliminary questions, the rules of evidence, except with respect to privileges, do not apply. *Granados v. State*, 85 S.W.3d 217, 226–27 (Tex. Crim. App. 2002). We thus resolve appellant's second issue against him.

### III.  CONCLUSION

Having resolved both of appellant's issues against him, we affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
161415F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RUBEN ALEJANDRO GARCIA,
Appellant

No. 05-16-01415-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
of Appeals No. 2, Dallas County, Texas
Trial Court Cause No. MB14-63674-M.
Opinion delivered by Justice Whitehill.
Justices Stoddart and Boatright
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 5, 2018.